J. G. CORTELYOU ET AL., PLAINTIFFS IN ERROR, V. LUTHER B. MABEN ET AL., DEFENDANTS IN ERROR.

1.  **Negotiable Instruments:** DRAFT: ACCEPTANCE. The drawee of a draft wrote across the face thereof the words, " Excepted Sept. 18. L. B. Maben." *Held*, A valid acceptance.

2.  ———: ———: EVIDENCE. Parol evidence that such was the purpose of the writing, not being inconsistent with the writing itself, is admissible.

ERROR to the district court for Holt county. Tried below before POST, J.

*Uttley & Small*, for plaintiff in error, cited: *Vanstrum v.*

*Liljengren*, 33 N. W. R., 555.   1 .Daniels Neg. Ins., Sec. 497, and cases cited.   *Doolittle v. Ferry*, 20 Kan., 230. *Dale v. Gear*, 38 Conn., 15.

No appearance for defendant in error.

MAXWELL, CH. J.

This action was brought in the district court of Holt county by the plaintiffs against the defendants, and on the trial the court held that the petition did not state a cause of action, and therefore refused to admit evidence under it. The jury thereupon returned a verdict for the defendants, and judgment was rendered thereon.

The following is a copy of the petition :

"Plaintiffs complain of the defendants that whereas on or about the 17th day of September, 1884, John M. Diels & Son drew their certain bill of exchange of that date, and then and there delivered the same to the Scribner State Bank, in the state of Nebraska, and then and thereby requested Maben & McCormick, at three days from sight thereof, to pay to the order of Scribner State Bank the sum of $498.70.

"The following is a copy of said bill with all the endorsements thereon : '

"'$498.70.          Bank of Ewing, Collection No. 287.
                    SCRIBNER, NEB., Sept. 17, 1884.

At three days sight pay to the order of Scribner State Bank, four hundred ninety-eight $\frac{70}{100}$ dollars with coll. charges and exchange.

"To Maben & McCormick,

25,007.     Deloit, Neb.    JOHN M. DIELS & SON.'

"Across the face of said bill are written the following words : 'Excepted Sept. 18. L. B. Maben.' Endorsed on the back as follows : ' Pay to the order of Cortelyou, Ege & Vanzant.   John Baker, Cashier.'   'Received

$58.77 on the within, October 24, 1884.    Cortelyou, Ege & Vanzant.'

"Plaintiff says that on the 18th day of September, 1884, said bill of exchange was duly accepted by L. B. Maben.

"On the 17th day of September, 1884, the said Scribner State Bank endorsed said bill of exchange as follows: 'Pay to the order of Cortelyou, Ege & Vanzant.    John Baker, Cashier,' and delivered the same to the plaintiffs.

"On the day said bill of exchange became due and payable it was duly and legally presented to said L. B. Maben, and payment thereof demanded, which was refused, all of which the said Scribner State Bank and John M. Diels & Son had due and legal notice.    The said John M. Diels & Son are liable on said bill as drawers, and the said L. B. Maben as acceptor, and the said Scribner State Bank as endorsers.

"That on the 24th day of October, 1884, there was paid on said bill of exchange and endorsed thereon the sum of $58.77, and no more, and that there is now due and unpaid on the bill of exchange the sum of $439.30, with interest thereon from the 24th day of October, 1884."

There is also a stipulation in the records as follows : "It is stipulated and agreed by and between the parties to said action that the only question herein to be decided by the supreme court is, whether upon the trial hereof in the district court the plaintiff should have been allowed to prove by witnesses called for that purpose, words spoken, and expressions made by the defendant contemporaneous with his act of writing across the face of the draft herein the words, 'Excepted Sept. 18, L. B. Maben,' that the defendant intended by writing said words to accept and honor said draft."

It is manifest that the court sustained the motion of defendant to exclude evidence offered by the plaintiff because of the word "excepted" written by Maben across the face of the draft.

In a number of cases it has been held that the word "excepted" thus written is an acceptance. *Vanstrum v. Liljengren*, 33 N. W. R., 555. *Miller v. Butler*, 1 Cranch C. C., 470. 1 Daniel Neg. Ins., Sec. 497. The evident purpose of Maben in writing the word "excepted"·was to accept the draft, and parol proof of this purpose, not being inconsistent with the writing, was proper and should have been received. Had Maben intended to refuse acceptance it was unnecessary to put such refusal in writing, and no doubt he was well aware of this fact.

The law is not a system of quirks and quibbles upon which courts may seize to defeat rights, but a system of rules and principles, in which the rights of parties are protected and enforced, and it is the duty of a court to disregard mere pretexts and decide a case if possible upon the merits.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.